**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIE KEVIN WILLIAMS,**<br>**AIS # 00173816,**<br><br>**Applicant,**<br><br>**v.**<br><br>**STATE OF ALABAMA *and***<br>**KEITH BLACKWOOD,**<br>***District Attorney*,**<br><br>**Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 1:26-mc-00007-KD-N** |

**REPORT AND RECOMMENDATION**

Applicant Willie Kevin Williams, an Alabama prisoner proceeding without counsel (*pro se*), has filed several motions in this case requesting an order for DNA testing under the Innocence Protection Act of 2004, 18 U.S.C. § 3600.[1] (Docs# 1, 2, 4). The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/31/2026, 9/8/2026, & 9/15/2026 electronic reference notations). Upon due consideration, said motions are due to be dismissed for lack of subject-matter jurisdiction.

Williams is currently serving a sentence of imprisonment in Alabama state prison, imposed by an Alabama state court for a first-degree rape conviction under that state's laws. However, none of Williams's filings indicate that he is also serving

[1] An individual applying for relief under § 3600 is referred to as an "applicant" by that statute.

a federal sentence, and only "an individual sentenced to imprisonment or death pursuant to a conviction for a *Federal* offense" may apply for relief under § 3600. *See* 18 U.S.C. § 3600(a) (emphasis added).[2] Regardless, this Court lacks subject-matter jurisdiction over Williams's motions because § 3600 empowers only "the court that entered the judgment of conviction" to grant relief. *Id.* This Court did not enter the judgment on Williams's first-degree rape conviction—indeed, a review of the Court's records indicates Williams has never been criminally charged in this Court.[3] *See* *Hubbard v. United States*, 7 F.4th 1228, 1230 (9th Cir. 2021) (per curiam) (declining to decide "whether the term 'Federal offense' in the IPA includes offenses committed

---

[2] Section 3600 does allow for DNA testing regarding a "State offense," but only if "evidence of such offense was admitted during a *Federal* sentencing hearing and exoneration of such offense would entitle the applicant to a reduced sentence or new sentencing hearing…" 18 U.S.C. § 3600(a)(1)(B)(i) (emphasis added).

[3] Generally, "federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (per curiam). However, as Williams recognizes (*see* Doc# 4, PageID.23), § 3600 specifies that "[n]othing in this section shall provide a basis for relief in any Federal habeas corpus proceeding." 18 U.S.C. § 3600(h)(2). Given this, and Williams's repeated express reliance on § 3600, the undersigned does not construe any of Williams's filings in this case as a habeas corpus petition.

Williams's most recent filing references 42 U.S.C. § 1983 (*see* Doc# 4, PageID.24 ("Williams further avers that 1983 Civil Right's Complaint deal strictly with conditions of confinement and therefore this post-conviction Motion for DNA Testing must be heard under color of state law.")), and quotes sections of the United States Supreme Court's opinion in *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009). However, "[u]sing the framework that Osborne established," the Eleventh Circuit Court of Appeals has already held that Alabama's "procedures for postconviction DNA testing are constitutional[,]" *Cromartie v. Shealy*, 941 F.3d 1244, 1253 (11th Cir. 2019) (citing *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237 (11th Cir. 2010)), and Williams fails to provide any substantive argument otherwise. Accordingly, the undersigned also declines to construe any of Williams's present filings as a § 1983 complaint.

in violation of the Uniform Code of Military Justice[,]" instead holding that federal district court lacked subject-matter jurisdiction over § 3600 application because it was not "the court that entered the judgment of conviction").

Accordingly, the undersigned **RECOMMENDS** that Williams's motions for DNA testing under § 3600 (Docs# 1, 2, 4) be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

## NOTICE TO *PRO SE* APPLICANT

In light of the applicant's *pro se* status, he is advised that, under the Court's Local Rules, "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number."[4] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the

[4] The petitioner must handwrite the petitioner's signature/mark in order to satisfy Rule 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Additionally, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Further, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7. *See also* Fed. R. Civ. P. 7(b) (similar).

**DONE** this the **22nd** day of **September 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**